IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIRK J. NYBERG and TRISHA SPRAYBERRY, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES LLC,<br><br>        Defendant. | Case No.: 3:16-cv-00733-JR<br><br><br>ORDER |

**Adrienne Nelson, District Judge**

      United States Magistrate Judge Jolie Russo issued a Findings and Recommendation ("F&R") in this case on April 11, 2024 in which she recommended granting defendant Portfolio Recovery Associates, LLC's ("PRA") motion to dismiss and to strike. Plaintiffs Kirk Nyberg ("Nyberg") and Trisha Sprayberry timely filed objections to the F&R. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

      A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

      Plaintiffs brought this putative class action against PRA alleging violations of the Fair Debt

1

Collection Practices Act ("FDCPA") and Oregon's Unlawful Trade Practices Act ("UTPA"). Plaintiffs allege that after they defaulted on Capital One credit card accounts, PRA attempted to collect their debts by initiating "account stated" claims in state court. Plaintiffs argue that a Virginia choice-of-law provision should apply to the debt collection actions and that PRA initiated the cases after Virginia's applicable three-year statute of limitations had passed. Plaintiffs make allegations on behalf of four proposed classes of similarly situated persons.

PRA moved (1) to dismiss count two of plaintiffs' first claim under the FDCPA, which alleges that PRA initiated account stated actions after the Virginia statute of limitations had run, in violation of the FDCPA and instead of breach of contract actions, which plaintiffs argue are the proper claim; (2) to dismiss plaintiff's second claim, alleging that PRA had a practice of having Oregon attorneys file false or meritless collections actions in violation of the UTPA; and (3) to strike the class allegations. Mot. to Dismiss, ECF [88].

Judge Russo found that Oregon courts would apply Oregon law to the account stated claims, including Oregon's six-year statute of limitations. F&R 5-8; *see Portfolio Recovery Assocs., LLC v. Sanders*, 366 Or. 355, 375, 462 P.3d 263 (2020) (en banc). She also found that a claim for account stated can be asserted to recover a credit card debt, not just a breach of contract claim. F&R 7-8; *see Nyberg v. Portfolio Recovery Assocs., L.L.C.* ("*Nyberg I*"), No. 3:15-CV-01175-PK, 2017 WL 1055962, at *1-3 (D. Or. Mar. 20, 2017), *aff'd sub nom. Nyberg v. Portfolio Recovery Assocs., LLC*, No. 17-35315, 2023 WL 4363119 (9th Cir. July 6, 2023). As a result, the F&R found that "plaintiff's claim that PRA violated the FDCPA by suing for account stated rather than breach of contract, and for pursuing an allegedly time-barred obligation, fails as a matter of law," and that as a result, "plaintiffs' proposed classes based on count two are equally deficient." F&R, 8-9. Accordingly, the F&R recommended that this Court grant PRA's motion to dismiss count two of plaintiff's first claim and to strike the "Kimber" and "Account Stated" classes. *Id.* at 9.

As to plaintiff's UPTA claim, Judge Russo found that the pleadings filed by or on behalf of PRA in state court were subject to the absolute litigation privilege. *Id.* at 10-11. Judge Russo also found

that plaintiffs failed to plead an "ascertainable loss of money or property," as is necessary to state a claim under the UTPA, because plaintiffs only identified "amorphous noneconomic losses." *Id.* at 11-12. Accordingly, Judge Russo recommended that the UTPA claim be dismissed without prejudice. *Id.* at 14.

Plaintiffs raise numerous objections. First, plaintiffs argue that the F&R misunderstands count two of the first claim. Pls. Am. Objs. ("Pls. Objs."), ECF [101], at 2-3. Plaintiffs focus on the allegation that the collections complaints were "shams."

Count two of plaintiffs' first claim reads in full:

> "Asserting an account-stated theory of liability, in a collection action for the purpose of obtaining a remedy for money damages for a cardholder's liability for a debt arising from the use of a credit card account, without the means or evidence to prove it, when the cardholder has a complete defense to that liability, such as the claim is barred by Virginia's three-year statute of limitations that a cardholder would assert against the only competent claim, which was for breach of the operative credit card agreement that is the sole source of any liability the cardholder has for the debt is a violation of at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1)."

FAC ¶ 135. Stated more simply, this count alleges that defendant wrongly asserted an account stated theory of liability when breach of contract was the proper basis for its claims; that PRA's claims were barred by Virginia's three-year statute of limitations; and that PRA's claims were made "without the means or evidence to prove it." *Id.* 15 U.S.C. §§ 1692d, 1692e, and 1692f concern harassment or abuse, false or misleading representations, and unfair practices, respectively.

The word "sham" is not used in this count, and it is unclear what plaintiffs mean, specifically, when they assert that PRA violated the FDCPA by "filing sham collection complaints." Plaintiffs argue that the complaints were shams because "there was no meeting of the minds on the correct balance or intent to state the account by sending a billing statement for a continuing transaction." Pls. Objs. 2. However, this argument more or less repeats the allegations made in counts one and three of the first claim, which are not at issue here.

Next, plaintiffs reiterate their arguments that the account stated claims were not the proper type of claim for the state court collections actions and that the Virginia statute of limitations should apply. Plaintiffs argue that "[t]he Court's adoption of PRA's conclusion that *Sanders* infers credit card debt can be

transmuted into a stated account by a cardholder's failure to objecting to billing statements is not a cognizable legal theory . . . the only cognizable theory of liability remaining that PRA could have asserted in a collection action was a breach of the cardholder agreement. That claim was time barred." Pls. Objs. 3-4. Much of plaintiffs' brief is dedicated to arguments that *Sanders* was incorrectly decided or that the F&R misinterpreted it.

As relevant to this case, the Oregon Supreme Court in *Sanders* (1) found that Oregon's, rather than Virginia's, statute of limitations should apply to the same claim, and (2) reversed the Court of Appeals grant of summary judgment on PRA's account stated claim because PRA had failed to show there was an absence of genuine dispute as to whether Capital One intended to agree that the balance in a March 2010 credit card statement was a final accounting in light of the fact that after that date Capital One continued to send statements that showed an increasing balance. 366 Or. at 375, 380.

Plaintiffs assert that "[b]reach of contract is the only cognizable theory and that claim was subject to Virginia's three-year limitation." Pls. Objs. 12. On the contrary, the highest court in the state has explicitly ruled that Oregon's statute of limitations applies and implicitly found that an account stated claim is a permissible claim based on similar facts. Plaintiffs cite no case law contradicting this, and at least one other court in this district has made the same determination based on substantially similar underlying facts. *See Sprayberry v. Portfolio Recovery Assocs.*, LLC, No. 3:17-CV-00111-SB, 2021 WL 5183516, at *6 (D. Or. May 7, 2021) (applying *Sanders* and stating "if this case involved a typical credit card involving a third party issuer, Oregon's six-year statute of limitations would apply to an account stated claim, an account stated claim would not have been time-barred, and PRA's communications would not have violated the FDCPA"), *report and recommendation adopted*, No. 3:17-CV-00111-SB, 2021 WL 5181023 (D. Or. Nov. 2, 2021), *aff'd*, No. 21-36001, 2023 WL 5525958 (9th Cir. Aug. 28, 2023).

As to the UPTA claim, plaintiffs reiterate their arguments that the absolute litigation privilege should not bar the claim and that plaintiffs alleged ascertainable losses sufficient to state a claim. Plaintiffs make various arguments as to why the litigation privilege should not apply to the underlying collections actions. Pls. Objs. 22-28. However, other cases from this district make clear that the litigation

privilege applies to claims brought under the UTPA. *Graham v. U.S. Bank, Nat'l Ass'n*, No. 3:15-cv-0990-AC, 2015 WL 10322087, at *16 (D. Or. Dec. 2, 2015) (finding that a claim brought under the UTPA was a statutory tort and, therefore, the litigation privilege applied), *report and recommendation adopted*, No. 3:15-cv-00990-AC, 2016 WL 393336 (D. Or. Feb. 1, 2016); *see Chase v. Gordon, Aylworth & Tami, P.C.*, *6-10 (D. Or. Feb. 14, 2020) (implicitly recognizing applicability of privilege to UTPA claims but ultimately declining to apply the privilege based on other grounds), *report and recommendation adopted*, No. 3:18-cv-0568-AC (D. Or. July 14, 2020). Judge Russo properly found that the litigation privilege applied to PRA's attorneys' statements and conduct in the collections actions as a matter of law and that the UTPA claim was therefore barred as a matter of law.

Regardless of the litigation privilege, plaintiffs have failed to state a claim under the UTPA because they have not alleged any ascertainable loss of money or property. Plaintiffs argue that the F&R erred in finding that plaintiffs did not plead any ascertainable losses. Pls. Objs. 28-30. Plaintiffs' complaint alleges that the collection action was an ascertainable loss for Nyberg "as nobody should be subjected to a frivolous lawsuit." FAC ¶ 73. Plaintiffs' complaint further alleges that "[b]eing subjected to a frivolous legal action in connection with an attempt to collect the debt increased his costs"; that the collection action "was an ascertainable loss of the original credit card transaction bargain and which diminished [Nyberg's] intangible contract rights, not least of which was his vested right not to be sued three years after his default[,]"; that "PRA denied Nyberg the benefit of his statute of limitations defense which was a vested right not to be subjected to an action to enforce his liability for his use of the credit card account"; and that "Plaintiffs suffered ascertainable losses by being subjected to a sham collection action that attempted to enforce a fictional agreement and denied them the benefit of the bargain that they had agreed to[.]" *Id.* ¶¶ 73-75, 132. These statements do not allege an ascertainable economic loss as required to state a claim under the UTPA. *See Clark v. Eddie Bauer LLC*, 371 Or. 177, 185, 532 P.3d 880 (2023). Plaintiffs argue that the Court should consider as ascertainable losses the fees and costs plaintiffs incurred as a result of defending against the collections actions. Pls. Objs. 30. However, plaintiffs do not plead any such fees or costs in their complaint.

For the reasons described above, plaintiffs argue that the "Kimber" and "Account Stated" classes are proper and should not be struck. Pls. Objs. 4. The "Kimber" class is premised on plaintiffs' faulty argument that the collections actions should be subject to Virginia's statute of limitations. *See* FAC ¶ 146. Similarly, the "Account Stated" class is premised on plaintiffs' argument that an account stated claim was an impermissible theory of recovery. *See id.* ¶ 147. For the reasons already discussed, these arguments fail as a matter of law, and the class allegations should be struck.

For the foregoing reasons, the Court ADOPTS Judge Russo's Amended Findings and Recommendation, ECF [94]. Defendants' Partial Motion to Dismiss and to Strike Proposed Classes, ECF [81], is GRANTED. Any motion to amend the complaint must be filed within fourteen days of this order.

IT IS SO ORDERED.

DATED this 27th day of September, 2024.

_____
Adrienne Nelson
United States District Judge