IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIRK J. NYBERG and TRISHA SPRAYBERRY, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES LLC,<br><br>Defendant. | Case No.: 3:16-cv-00733-JR<br><br><br>ORDER |

**Adrienne Nelson, District Judge**

United States Magistrate Judge Jolie Russo issued a Findings and Recommendation ("F&R") in this case on December 20, 2024, in which she recommended denying plaintiffs' motion for leave to file a second amended complaint. Plaintiffs timely filed objections to the F&R. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If any party files objections to a magistrate judge's proposed findings and recommendations, "the court shall make a de novo determination of those portions of the report." *Id.* No standard of review is prescribed for the portions of the report for which no objections are filed, and no review is required in the absence of objections. *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985). A district court judge is not, however, precluded from *sua sponte* review of other portions of the report, under a *de novo* standard or otherwise. *Id.* at 154. The Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that, when no objection is filed, the recommendations be reviewed for "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

Plaintiffs Kirk Nyberg ("Nyberg") and Trisha Sprayberry ("Sprayberry") brought this putative class action against defendant Portfolio Recovery Associates LLC ("PRA") on April 28, 2016. *See*

1

Compl., ECF [1]. The case was then stayed pending parallel litigation. Mins. of Proceedings of April 10, 2017, ECF [18]. The stay was lifted upon the conclusion of the parallel litigation, Order of September 27, 2023, ECF [73], and plaintiffs filed a First Amended Complaint, ECF [78], on November 22, 2023, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Oregon's Unlawful Trade Practices Act ("UTPA"). Plaintiffs allege that after they defaulted on Capital One credit card accounts, PRA attempted to collect the debts by initiating "account stated" claims in state court. Plaintiffs argue that a Virginia choice-of-law provision should apply to the debt collection actions and that PRA initiated the cases after Virginia's applicable three-year statute of limitations had passed, in violation of the FDCPA. They further allege that PRA violated the UTPA by filing the collections actions. Plaintiffs make allegations on behalf of four proposed classes of similarly situated persons.

The parallel litigation provides important background to this case. In *Nyberg v. Portfolio Recovery Associates, LLC* ("*Nyberg I*"), No. 3:15-cv-01175-JR, Nyberg, represented by the same counsel, alleged that PRA violated the FDCPA in attempting to collect on the same debt by "asserting [the debt] was an account stated when that theory was not viable"; "[a]sserting an account stated theory of law on a credit card debt in order to bypass the statute of limitations"; and "filing a lawsuit on a debt that was barred by the applicable statute of limitations." *Nyberg I*, No. 3:15-cv-01175-JR, Compl., ECF [1]. On cross-motions for summary judgment, the court ruled in favor of PRA, finding that "Oregon courts would permit a debt collector to assert a claim for account stated" and that the Oregon statute of limitations applies, and holding that there was no violation of the FDCPA. *Nyberg v. Portfolio Recovery Assocs., L.L.C.*, No. 3:15-cv-01175-PK, 2017 WL 1055962, at *3-4 (D. Or. Mar. 20, 2017), *aff'd sub nom. Nyberg v. Portfolio Recovery Assocs., LLC* ("*Nyberg II*"), No. 17-35315, 2023 WL 4363119 (9th Cir. July 6, 2023).

Nyberg appealed this decision, and the Ninth Circuit ultimately affirmed. It found that the account stated claim was not "legally baseless" because it "was recognized in Oregon law at the time PRA filed its complaint" and that, "[w]hile PRA concede[d] that its complaint failed to plead the necessary mutual asset for account stated, that deficiency under Oregon law is not a per se violation of the FDCPA." *Nyberg II*, 2023 WL 4363119, at *1 (citation omitted). It also found that the collection action was not time-

2

barred because Oregon's, not Virginia's, statute of limitations applied to the action. *Id.* at *2.

Meanwhile, the same counsel here were litigating another case before the Oregon Supreme Court. In *Portfolio Recovery Assocs., LLC v. Sanders* ("*Sanders*"), the Oregon Supreme Court ruled that neither party was entitled to summary judgment on an accounts stated claim related to a credit card debt collection action. 366 Or. 355, 380-81, 462 P.3d 263 (2020) (en banc). In that case, Sanders similarly argued that the claim should be governed by Virginia law and was therefore barred by Virginia's three-year statute of limitations for contract claims. *Id.* at 360-61. The court found that the Oregon six-year statute of limitations applied. *Id.* The court then denied summary judgment in favor of PRA on the account stated claim, finding that there was a genuine dispute of fact as to whether the credit card issuer intended to agree that the balance on the credit card statement was the final accounting of Sanders' debt. *Id.* at 379-80.

After plaintiffs filed the First Amended Complaint in this case, PRA responded with a partial motion to dismiss. Mot. to Dismiss, ECF [81]. In that motion, PRA moved (1) to dismiss count two of plaintiffs' first claim under the FDCPA, which alleges that PRA initiated account stated actions after the Virginia statute of limitations had run, in violation of the FDCPA and instead of breach of contract actions, which plaintiffs argue are the proper claim; (2) to dismiss plaintiff's second claim, alleging that PRA had a practice of having Oregon attorneys file false or meritless collections actions in violation of the UTPA; and (3) to strike the class allegations.

This Court adopted Judge Russo's F&R, ECF [94], and granted the motion. *See* ECF [103]. Judge Russo found, and this Court agreed, that Oregon courts would apply Oregon law to the account stated claims, including Oregon's six-year statute of limitations, and that a claim for account stated can be asserted to recover a credit card debt, not just a breach of contract claim. As a result, the Court dismissed count two of plaintiff's first claim under the FDCPA without prejudice and struck the related class allegations. Judge Russo also found, and this Court agreed, that the pleadings filed by or on behalf of PRA in state court were subject to the absolute litigation privilege. As a result, the Court dismissed plaintiff's second claim under the UTPA without prejudice. The Court permitted plaintiffs to file a motion for leave to amend the complaint because, as the F&R explained, "[p]laintiffs have not yet had the opportunity to seek amendment

3

in regard to their UTPA claim, such that the Court cannot conclude, at least at this stage in the proceedings, that its deficiencies are incurable as a matter of law." F&R on Mot. to Dismiss, ECF [94], at 14.

Plaintiffs have now filed a motion for leave to file a second amended complaint. Mot. for Leave to Amend Compl. ("Pls. Mot."), ECF [108]. The proposed amendments purport to correct the deficiencies of the First Amended Complaint by "adding a count asserting that the collection letter sent to Sprayberry violated the FDCPA by seeking sums that could only be due if the Sprayberry/Capital One cardholder agreement applied to the debt which at the time of the collection letter was barred by the applicable statute of limitations, clarifying that the facts concerning the collection action and the merits of the claim asserted by PRA in the collection action apply to all the counts, include additional allegations evidencing an ascertainable loss and that the actions of PRA were not shielded by the litigation privilege." Pls. Mot. 1-2 (all references to ECF pagination). Plaintiffs argue that the amendments are not futile because they include "additional factual allegations that [p]laintiffs suffered an ascertainable loss, the collections are not subject to the litigation privilege and that account stated claim as alleged against [p]laintiffs lacked merit factually because it was based on a periodic monthly billing statement rather than a final statement of the parties then debits and credits which was followed by additional statements imposing additional charges only owed under the Capital One cardholder agreement." *Id.* at 3. PRA opposes the motion, arguing that plaintiffs unduly delayed and that the proposed amendments are prejudicial, made in bad faith, and futile. Def. Resp. Opp'n to Pls. Mot. ("Def. Resp."), ECF [110].

Judge Russo issued an F&R recommending that the motion be denied. F&R, ECF [112]. The F&R found that the proposed amendments to the FDCPA claim "do not substantively alter the nature of plaintiffs' count two," which was previously dismissed for failure to state a claim, and that inclusion of the word "sham" to describe the collections actions does not cure the deficiencies. *Id.* at 6-7, 10. The F&R declined to reconsider the previous ruling finding that Oregon courts would apply Oregon law to the account stated claims, including Oregon's six-year statute of limitations, and that a claim for account stated could be asserted. *Id.* at 10-11. It also explained that the court could not review and was bound by the state court decision in *Sanders*. *Id.* at 11. As a result, the F&R determined that the amendments to the FDCPA count

4

two claim were futile. *Id.* Then, the F&R found that the newly added claim regarding the letter sent to Sprayberry was also futile, as it was based on the same theory that the original PRA collections actions were time-barred. *Id.*

As to the proposed amendments to the UTPA claim, the F&R found that, although the proposed amendments did add "certain facts related to ascertainable loss and litigation privilege," the substance of the claim was "unchanged." *Id.* at 12 (citation omitted). Although plaintiffs argued that the litigation privilege does not provide absolute immunity for malicious or bad faith initiation of lawsuits and that PRA sought to avoid liability under the FDCPA by bringing unprovable account stated claims, the F&R notes that a debtholder is permitted to bring suit to recover debt and there is no plausible allegation that these actions are subject to a malicious or bad faith exception to the privilege. *Id.* at 15. Ultimately, the F&R recommended denying the proposed amendments as futile. It also noted, although it did not explicitly make a finding on the matter, that plaintiffs were aware of the proposed amended allegations at the time of filing the First Amended Complaint, suggesting that they unduly delayed in moving for leave to amend. *Id.* at 11.

Plaintiffs object to the F&R. They maintain that the amended count two of the first claim adequately states a claim and is not futile. They argue that the ruling on the statute of limitations and consideration of the account stated claim in *Nyberg I* "misrepresents Oregon law" and that the collections claims lacked merit. Pls. Objs., ECF [114], at 2. Plaintiffs again argue that it was impermissible for PRA to bring an account stated claim because there was no agreed-upon amount due, and that *Nyberg I*'s ruling was "not a credible assessment" and a "bare[,] unexplained, unsupported, and irrational conclusion." *Id.* at 3. Plaintiffs assert that "this Court cannot fathom basic legal premises of the claim of account stated, such as the correct and final balance must be ascertainable by simple computation," and "cannot rely on Judge Papak's speculation about Oregon law and the merits of PRA's claim, which was plain error." *Id.* at 4.

As to the newly added claim regarding the letter to Sprayberry, plaintiffs similarly argue that the letter "falsely represented that PRA could sue [Sprayberry] for [the amount stated in the letter] when, in fact, PRA could not because PRA would have to assert a breach of contract remedy, which was

5

time barred." *Id.* at 6. Plaintiffs state that concluding otherwise "makes a mockery of our legal system" and that "[n]o legitimate legal principles allow Judge Papak, PRA[,] or this Court to fabricate liability, remedies or statutes of limitations that are unhinged from the facts or law." *Id.* at 6-7. Plaintiffs further argue that there is no undue delay in asserting this claim and no prejudice to defendant because "PRA's ill conceived motions are responsible for all the litigation conduct" and "[s]eeking to amend after discovery is closed is the only way to show prejudice." *Id.* at 7.

Plaintiffs then repeat their arguments that they have adequately stated a UTPA claim because they have pleaded an ascertainable loss. *Id.* at 8. They argue that any finding that the litigation privilege forecloses the UTPA claim is "a novel application" because the litigation privilege is an affirmative defense that has not been explicitly applied to statutory torts. *Id.*

A party may amend its pleading once as a matter of course within certain time parameters. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Courts consider four factors: " bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (citation omitted), *overruled on other grounds by City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017). "[F]utility of amendment alone can justify the denial of a motion [to amend]." *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) (citation omitted).

"The FDCPA prohibits a nonexhaustive list of any 'false, deceptive, or misleading representation or means in connection with the collection of any debt,' including, as relevant here, the 'false representation of—(A) the character, amount, or legal status of any debt'; '[t]he threat to take any action that cannot legally be taken or that is not intended to be taken'; '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt'; and any 'unfair or unconscionable means to collect, or attempt to collect, upon the debt.'" *Sprayberry v. Portfolio Recovery Assocs., LLC*, No. 3:17-cv-00111-SB *et al*, 2021 WL 5183516, at *4 (D. Or. May 7, 2021) (quoting 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1)), *report and recommendation adopted*, No. 3:17-cv-00111-SB

6

*et al*, 2021 WL 5181023 (D. Or. Nov. 2, 2021).

Plaintiffs essentially assert that the underlying collections actions were time-barred and lacking merit or a "sham" because PRA could not adequately prove an account stated claim at the time of filing, and that filing a time-barred and "sham" collections action violates the FDCPA. As this Court and others before it have explained to plaintiffs' counsel, Oregon's six-year statute of limitations applies to the claims. The claims were not time-barred. Accepting as true the allegations and construing them in plaintiffs' favor, as is required at this stage of the proceedings, the allegation that PRA's account stated claims lacked merit because PRA could not demonstrate that there was an agreed-upon amount due is simply not sufficient to state a claim for a violation of the FDCPA. Plaintiffs do not plead that filing the collections actions was an unfair or unconscionable means of collecting the debt or involved false representations or deceptive tactics. As the Ninth Circuit has explained, even if the claims lacked merit, failing to plead an element of an account stated claim is not a *per se* violation of the FDCPA. *Nyberg II*, 2023 WL 4363119, at *1. "Filing a debt collection lawsuit is not a violation of the FDCPA . . . even if the debt collector does not at the time of filing have adequate proof to support the claim." *Boon v. Prof'l Collection Consultants*, 978 F. Supp. 2d 1163, 1166 (S.D. Cal. 2014) (citation modified) (collecting cases). Plaintiffs' proposed amendments do not overcome these deficiencies.

The newly added claim regarding the letter sent to Sprayberry is futile for the reasons described above. The proposed count seven alleges that PRA sent letters demanding payment of a time-barred debt, but the collections actions were not time-barred.

Similarly, plaintiffs' objections relating to the UTPA claim are not persuasive. As this Court has previously explained, "Oregon's litigation privilege protects communications made during or in anticipation of a judicial proceeding." *Graham v. U.S. Bank, Nat'l Ass'n*, No. 3:15-cv-0990-AC, 2015 WL 10322087, at *15 (D. Or. Dec. 2, 2015) (citing *Wollam v. Brandt*, 154 Or. App. 156, 163-64, 961 P.2d 219 (1998)) (finding that the litigation privilege barred UTPA claims related to collections efforts), *report and recommendation adopted*, No. 3:15-CV-00990-AC, 2016 WL 393336 (D. Or. Feb. 1, 2016). "While [the] litigation privilege originated as a bar to defamation claims, Oregon courts explicitly extended the privilege

7

to all tort actions." *Id.* at 16 (citing *Mantia v. Hanson*, 190 Or. App. 412, 420-27, 79 P.3d 404 (2003)). Despite plaintiffs' insistence to the contrary, "[s]tatutory torts are subject to the litigation privilege." *Id.* Plaintiffs' additional allegations concerning economic losses cannot overcome the litigation privilege, and the proposed amendments are futile.

Finally, the Court notes that the proposed second amended complaint is deficient in other respects. For example, there are exhibits referenced throughout the proposed second amended complaint that are not attached to the document. The proposed second amended complaint does not explain what these exhibits are and, indeed, sometimes even omits the exhibit number. *See, e.g.*, Prop. 2d Am. Compl., ECF [108-1], ¶ 33 (referencing an "Exhibit xxx"). The Court cannot rely on documents not attached to the complaint when reading it, including exhibits attached to prior, superseded complaints.

For the foregoing reasons, the Court ADOPTS the Findings and Recommendation, ECF [112]. Plaintiffs' Motion for Leave to File a Second Amended Complaint, ECF [108], is DENIED.

IT IS SO ORDERED.

DATED this 14th day of August, 2025.

_____
Adrienne Nelson
United States District Judge